# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHARLES THOMAS CLAGGETT, III, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-0795 (JEB) |
| | ) | |
| TRACY W. JOHNS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

Petitioner brings the instant action, which challenges this Court's powers of comprehension. He alleges he "is being restrained of his Liberty by no lawful authority through the Office of Tracy Johns, Warden of the Low Security Correctional Institution (LSCI) at Butner, North Carolina." Pet., Attach. at 3-4.[1] According to petitioner, "the government made of [him] a Cestui Que Trust," the legal title of which "passed to the Government . . . through the registration of [his] birth certificate . . . and the assets were managed by the account provided" under his Social Security number. *Id.* at 4. In other words, he appears to argue that he has placed his identity into a separate trust and therefore is no longer the person originally prosecuted.

---

[1] Attached to the preprinted habeas petition form is a 15-page typewritten statement, the heading of which reads:

> Request for release of Penal Bonds made without Plaintiff's knowledge and/or consent. Plaintiff has re-established his own trusteeship and executorship functions reclaiming his Cestui Qui Trust in the name of CHARLES THOMAS CLAGGETT III. He has right to act as the Authorized Representative.

Pet., Attach. at 1.

He asserts, for example, that the Federal Bureau of Prisons' authority to detain him is "based upon the commercial instrument 'JUDGMENT IN A CRIMINAL CASE,'" *id.* at 6, which had been obtained without any evidence that petitioner is the individual identified as the defendant in a criminal action brought in the United States District Court for the Western District of Washington. *Id.* at 7-8. Further, he alleges that he is not subject to the statutes under which he was prosecuted, and that the federal courts lacked jurisdiction over him. *Id.* at 9. He demands his immediate release. *Id.* at 2, 5-6. The petition will be denied.

Where, as here, petitioner challenges the jurisdiction of the federal court imposing sentence or otherwise attacks the constitutionality of his conviction, he must do so in a motion in the sentencing court under 28 U.S.C. § 2255. *See Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997) (stating that a motion under Section 2255 "is the proper means of attacking errors that occurred during or before sentencing"); *Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (stating that a motion under Section 2255 is the proper vehicle for challenging the constitutionality of a statute under which a defendant is convicted). Moreover,

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [28 U.S.C. § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). The petitioner has not shown that his available remedy is inadequate or ineffective. The Court therefore will dismiss the petition without prejudice.

An Order consistent with this Memorandum Opinion is issued separately.

DATE: May 12, 2011

/s/
JAMES E. BOASBERG
United States District Judge